# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00612-CR

**The State of Texas, Appellant**

**v.**

**Louis Kuhn, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 15-1959CR, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The State of Texas seeks to appeal from the trial court's order granting Louis Kuhn's motion to suppress evidence. The trial court signed the order on August 12, 2016. The order is stamped as "FILED" in the county clerk's office with a filing date of August 17, 2016. The State filed its notice of appeal on September 9, 2016.

Article 44.01(d) of the Texas Code of Criminal Procedure requires the State to file notice of appeal within 20 days after an appealable order "is entered by the court." Tex. Code Crim. Proc. Art. 44.01(d); *see* Tex. R. App. P. 26.2(b) ("The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed."). "[T]he triggering event to begin the running of the period within which the State must file its notice of appeal is when the trial judge *signs* the order." *State v. Wachtendorf*, 475 S.W.3d 895, 897 (Tex. Crim. App. 2015) (plurality op.). Because the State did not file its notice of appeal within 20 days of the order's

signing, its notice of appeal was not timely filed.  *See State v. Wachtendorf*, No. 03-14-00633-CR, 2015 WL 894731, at *2 (Tex. App.—Austin Feb. 26, 2015) (mem. op., not designated for publication), *aff'd*, 475 S.W.3d 895 (Tex. Crim. App. 2015).  "A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we dismiss the State's appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).[1]

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Dismissed for Want of Jurisdiction

Filed:  February 17, 2017

Do Not Publish

---

[1]  The State contends that it did not receive notice of the trial court's order until September 2, 2016.  However, even if this is true, the State's notice of appeal was still due within 20 days of the order's signing, which occurred on August 12.  *See State v. Wachtendorf*, 475 S.W.3d 895, 897, 904 (Tex. Crim. App. 2015) (plurality op.); *State v. Wachtendorf*, No. 03-14-00633-CR, 2015 WL 894731, at *2 (Tex. App.—Austin Feb. 26, 2015) (mem. op., not designated for publication), *aff'd*, 475 S.W.3d 895 (Tex. Crim. App. 2015).  We note that the State did not file in this Court a motion for extension of time to file its notice of appeal.  *See* Tex. R. App. P. 26.3(b).